UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20555-CIV-UNGARO/SIMONTON

CARDINAL HEALTH, INC., et al.,

      Plaintiffs,

v.

DELIVERY SPECIALISTS, INC.,

      Defendant.

_____/

ORDER ON DEFENDANT'S MOTION TO STRIKE DECLARATION
OF SHERRICK "RICK" ORIE AND FOR SANCTIONS

Presently pending before the Court is Defendant's Motion to Strike Declaration of Sherrick "Rick" Order and For Sanctions Including Involuntary Dismissal (DE # 126). The Plaintiff has filed a Response to the Motion (DE # 136), and the Motion has been referred to the undersigned Magistrate Judge (DE # 128).  A hearing was held on the Motion on March 2, 2011.  At the conclusion of the hearing, the Motion was DENIED, in part, and GRANTED, in part, as set forth in this Order.

I.      BACKGROUND

This action was initiated when Plaintiffs filed a three-count Complaint alleging Negligence (Count I), Breach of Contract (Count II) and Conversion (Count III), arising from the alleged failure of Defendant to deliver cargo pursuant to a contract between Cardinal Health, Inc., and Cardinal Health 110, Inc., ("Cardinal") and Delivery Specialists, Inc. ("DSI"), a trucking common carrier (DE # 1).   Specifically, the Complaint alleges that on or about March 17, 2008, DSI agreed to transport certain Cardinal pharmaceutical products which ultimately were stolen from a gas station when the third party truck driver stopped to refuel the truck and allegedly left the truck and cargo unattended (DE #

1).  Plaintiffs allege damages in excess of $1,577,523.02.  The First Amended Complaint added All Florida Express, Inc., and G.T. Freight, Inc., as Defendants, alleging that the those entities were subcontractors tasked with delivering the products, and that a G.T. Freight driver was driving the truck when it was stolen (DE # 28).

Defendant DSI filed an Answer to the Amended Complaint asserting, *inter alia*, that DSI was not liable to Plaintiffs because the loss was attributable to third parties, G.T. Freight, Inc., and All Florida Express, Inc. (DE # 30).[1]

On May 26, 2010, the Honorable Ursula Ungaro, the District Judge assigned to the case, issued a Scheduling Order setting the matter for trial and February 28, 2011 and the discovery cut-off date for November 12, 2010, and the motion deadline for December 10, 2010  (DE # 20), On December 6, 2010, following a Joint Request from the Parties to continue the trial and extend discovery, the Court issued a second Scheduling Order re-setting the matter for trial on April 11, 2011, the discovery cut off date for January 14, 2011 and the motion deadline date for February 4, 2011 (DE # 92).  Thereafter, the Court, again upon the request by the Parties, extended the discovery deadline until February 4, 2011 (DE # 106).  In that Order, the Court stated that the parties could agree to take additional depositions or conduct additional discovery after the February 4th date, but that the Court would not entertain motions to enforce such agreements (DE # 106 at 4).

Throughout the course of the discovery period, Defendant DSI did not propound any written discovery on Cardinal. On February 4, 2011, Plaintiffs filed their Motion for Summary Judgment which included the Declaration of Sherrick Orie, the Night Operations Manager who was responsible for the night shipping operations for Cardinal

---

[1] Plaintiffs have since dismissed GT Freight, Inc., and All Florida Express, Inc., from this action (DE ## 108, 131).

on the night that the shipment was loaded and stolen (DE # 112-1-2). In his Declaration, Mr. Orie set forth the procedures followed by Cardinal Health in packing and loading materials for shipment, and stated that on the night at issue, the shipping manifest was signed by the Cardinal Health Shipping Lead, Jamie Williams, as well as the truck driver (DE # 112 at 2).  Mr. Orie provided no facts regarding the actual loading of the shipment because he was not present when the cargo was loaded, but rather only provided information in his Declaration as to authenticating the documents that were signed and/or issued in the normal course of loading and recording the contents of that shipment.

On February 21, 2011, Defendant DSI filed an Unopposed Motion for Extension of Time to File Response to Plaintiffs' Motion for Summary Judgment (DE # 125).  In that Motion, DSI asserted that an additional ten days was needed to respond to Plaintiffs' Motion for Summary Judgment due to the need to complete the depositions of two of Cardinal's employees, Mark Kingery and Mike France, which were scheduled for February 22, 2011.  That Motion was granted and Defendant DSI was given until March 1, 2011 to file its response to Plaintiffs' Summary Judgment Motion.  Late on February 22, 2011, DSI filed the instant Motion to Strike, seeking to strike the Declaration of Mr. Orie, and to preclude the Plaintiffs from relying upon any testimony from either Mr. Orie or Mr. Jamie Williams, or striking Plaintiff's Complaint for failing to timely disclose either of those witnesses (DE # 126).

On March 1, 2011, Defendant filed its Response in Opposition to Plaintiff's Motion for Summary Judgment (DE # 138).   On March 2, 2011, the undersigned held a hearing on the instant Motion, which had been continued from February 28, 2011, based upon the telephonic request of the Parties (DE # 135).

3

## II.   PARTIES' POSITIONS

Defendants have filed the instant Motion to Strike seeking to have the Declaration of Sherrick "Rick" Orie's struck as an Exhibit from the Plaintiffs' Motion from Summary Judgment and further seeks sanctions, including involuntary dismissal of Plaintiff's claims, due to Plaintiffs' purported failure to disclose Sherrick Orie and another witness, Jamie Williams, until after the discovery cut-off date (DE # 126).   Defendant contends that Plaintiffs did not disclose either witness in their Initial Disclosures and also failed to disclose the two witnesses during the course of discovery, despite the fact that both witnesses were Plaintiffs' employees and held significant information related to the incident at issue.

At the hearing, Defendant reiterated its position in its papers and contended that it did not take the deposition of Mr. Orie because Plaintiffs did not offer him for deposition until after February 24, 2011.  According to Defendant, the other two depositions taken after the discovery cut-off period were the deposition of Mr. Kingery, which was delayed at Plaintiffs' request, and the deposition of Mr. France, which was re-scheduled for the convenience of all Parties, so that it could be taken in Orlando.  In addition, Defendant argued that because Judge Ungaro made clear that no extensions on discovery would have been granted, that Defendant would be at the mercy of Plaintiffs' Counsel in trying to secure and schedule Mr. Orie's deposition.  Defendant further asserted that upon the Plaintiffs submitting their Initial Disclosures in April 2010, Defendant recognized that Plaintiffs would have difficulty proving what was loaded onto truck and the value of that cargo. Thus, Defendant contends that it was prejudiced by Plaintiffs' failure to disclose Mr. Orie as a witness earlier because Defendant might not have spent the last year defending this matter but rather, might have settled the case,

4

had Defendant been aware of Mr. Orie as a potential witness.  Defendant did, however, admit that Mr. Jamie Williams' name appeared on documents in the Defendant's possession.

In response, Plaintiffs' Counsel asserted that he did not know that Mr. Orie was a potential witness in this matter until January 24, 2011.  In addition, Plaintiff contends that even though Mr. Orie was not included in the Plaintiffs' initial disclosures, that if Defendant had propounded any written discovery requests upon the Plaintiffs, that Defendant would have discovered the identity of Mr. Orie.  Plaintiffs further asserted that Defendant should have known about the existence of Mr. Williams prior to February 4, 2011, because he was listed numerous times in the Dispatch Log for the night in question, which was in the Defendant's possession.

At the hearing, Plaintiffs' Counsel asserted that it did not know about the existence of Mr. Orie as a witness in this matter earlier, because when Plaintiffs' Counsel requested that its client, Cardinal, identify "who was present when the shipment was loaded," Cardinal did not name Mr. Orie because he was not present when the shipment was loaded.  Rather, it was not until Plaintiffs' Counsel began to prepare Plaintiffs' Motion for Summary Judgment that Mr. Orie was identified as the night manager at the time of the incident who was most familiar with the policies and procedures generally followed by Cardinal Health in loading and securing cargo upon a truck for transportation.  However, Plaintiffs admitted that they are unable to explain why they failed to disclose Mr. Orie's name immediately upon discovering that Mr. Orie was going to be a witness but rather waited until filing their Motion for Summary Judgment, ten days later, to alert the Defendant.

As to the imposition of sanctions, Plaintiffs argued that Mr. Orie's Declaration

should not be stricken because the Defendant failed to demonstrate any prejudice it suffered as a result of the disclosure, failed to show that the Plaintiffs' failure to disclose either witness earlier was due to Plaintiffs' Counsel's bad faith, and failed to demonstrate that any difficulties related to the late disclosure of the witnesses could not be cured by allowing the Defendant to now conduct the deposition of Mr. Orie.  Further, at the hearing, Plaintiffs clarified that Mr. Orie was included on the witness list of potential witnesses at trial.  Plaintiffs however indicated that they did not know the whereabouts of Mr. Williams and did not intend to call him as a witness at trial, although they reserved the right to do so if necessary.

III.   **LAW & ANALYSIS**

A. **Rule 26 (a)(1)**

Rule 26(a) (1) of the Federal Rules of Civil Procedure requires parties to make Initial Disclosures to each other very early in the proceedings, and requires that names and contact information of any individuals "likely to have discoverable information" that can support a claim or defense in the case. Fed. R. Civ. Pro. 26(a)(1)).  The Rule also states the following regarding supplemental disclosures:

> A party who has made a disclosure under Rule 26(a) -must supplement, or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

Fed.R.Civ.P. 26(e).  Thus, pursuant to this Rule, Plaintiffs had an obligation to disclose any additional witnesses not included in their Initial Disclosures unless those witnesses were otherwise made known to DSI.

6

### B. Mr. Sherrick "Rick" Orie

Based upon the facts of this case, as indicated at the hearing, the Court finds that Plaintiffs failed to comply with the dictates of Rule 26.  In fact, it surprising that Mr. Orie was not known to Plaintiffs as a potential witness earlier, in light of the fact that Mr. Orie was the night operations manager and his Declaration is, in essence, key evidence in support of Plaintiff's Motion for Summary Judgment.  In addition, once Plaintiffs' Counsel discovered in late January that Mr. Orie would be a witness in this matter, it is inexcusable that Plaintiffs' Counsel did not disclose that information immediately to the Defendant, but rather waited over ten days to do so.

However, any prejudice arising from Plaintiffs' failure to disclose Mr. Orie earlier is greatly mitigated by the fact that Defendant was given the opportunity to take the deposition of Mr. Orie prior to the due date of Defendant's response to Plaintiffs' Motion for Summary Judgment.  This is particularly true given that in Defendant's response to Plaintiffs' Motion for Summary Judgment, filed on March 1, 2011, Defendant relied upon the deposition testimony of Michael France and Mark Kingery that were taken in the latter part of February, 2011 (DE ## 138-1, 138-2).  Also, as stated previously, in Defendants' February 21, 2011 Motion for Extension of Time to respond to Plaintiffs' Motion for Summary Judgment, Defendants made no mention of the need for additional time based upon the late disclosure of Mr. Orie.  Thus, it is doubtful that Defendant was unduly prejudiced by the February 4, 2010 disclosure of Mr. Orie, particularly when the depositions of Plaintiffs' key witnesses had not yet been taken.  In addition, it is worth noting that Defendant did not propound any written discovery in this case and virtually conducted no other discovery prior to the close of discovery. This is significant because it is unlikely that the earlier disclosure of Mr. Orie would have materially altered the

manner in which discovery was conducted in this case, given that the depositions of Plaintiffs' other key witnesses were originally scheduled so close to the discovery cut-off date that Defendant likely would not have had sufficient to time to conduct follow-up discovery, if necessary. Further, at the hearing, Defendant conceded that the Defendant's decision not to depose Mr. Orie, despite Plaintiffs' offer to make Mr. Orie available, was a strategic one rather than one based upon Defendant's belief that the delay in the disclosure of Mr. Orie was prejudicial to the point that it rendered Mr. Orie's testimony useless.

Moreover, Defendant failed to show that the Plaintiffs' failure to disclose Mr. Orie as a witness earlier, was due Plaintiffs' bad faith or intentional attempt to hide a key witness from the Defendant. Rather, the record supports a finding that Plaintiffs' Counsel's failure to disclose Mr. Orie was likely due to neglect.

Finally, the interests of justice urge that summary judgment in this matter should not rise and fall on this Court striking the declaration of Mr. Orie, a witness whose testimony primarily relates to the authentication of certain business records and Cardinal's procedures in loading cargo. Thus, the instant discovery dispute is distinguishable from those cases where a percipient witness is belatedly disclosed which may fundamentally alter the strategy employed by the litigant in a case. Accordingly, the Court will not strike the Declaration of Mr. Orie or the Plaintiffs' pleadings.

However, while under the circumstances of this case, the undersigned finds that striking Mr. Orie's Declaration is not appropriate, the Plaintiffs' utter failure to comply with the dictates of Federal Rule of Civil Procedure 26, and to otherwise timely disclose Mr. Orie as a witness, warrants the imposition of a monetary sanction. To that end, at

8

the hearing the undersigned ordered that the deposition of Mr. Orie proceed at the Plaintiffs' expense, including payment for the costs associated with travel and the court reporter, as well as the payment of Defendant's attorney's fees associated with taking the deposition and associated with bringing the instant Motion for Sanctions.[2]

### C. Mr. Jamie Williams

Unlike Mr. Orie, Mr. Williams' name was listed multiple times in the dispatch log for the night in question, which by all accounts, was in Defendant's possession prior to the discovery cut-off date in this case.  Yet Defendant never requested the deposition of Mr. Williams nor otherwise sought discovery related to Mr. Williams' knowledge of the facts of the incident.  Thus, as ruled at the hearing, the Defendant should have known of Mr. Williams existence prior to the filing of Plaintiff's Motion for Summary Judgment, and the likelihood of Mr. Williams being a witness in this matter, notwithstanding the Plaintiff's tardy disclosure. Thus, the Defendant's Motion is denied in regard to Mr. Williams because Plaintiffs did not violate Rule 26 as it pertains to that witness.

### IV.   CONCLUSION

Therefore, based upon the arguments made in the Parties' submissions and at the hearing on the Motion, and a review of the record as a whole, and as ruled at the hearing on the Motion, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Declaration of Sherrick "Rick" Order and For Sanctions Including Involuntary Dismissal (DE # 126) is

---

[2] Although not explicitly requested in Defendant's Motion, to be clear, the undersigned finds that because Mr. Orie's deposition will be completed well in advance of trial, to the extent Defendant seeks to preclude Plaintiffs from relying on Mr. Orie as a witness at trial on the grounds raised on the Motion, that request is denied.

**GRANTED,** in part and **DENIED**, in part.  Mr. Orie is to be produced for deposition in Atlanta, Georgia, by March 3, 2011, with Plaintiffs paying the costs associated with taking the deposition, including travel, attorney's fees and court reporter fees.  After completion of Mr. Orie's deposition, the Defendant may file a supplement to its Opposition to the Plaintiffs' Motion for Summary Judgment by March 7, 2011, if necessary.  If Defendant files a Supplement to the Opposition to the Motion for Summary Judgment based upon the deposition testimony of Mr. Orie, Defendant shall file a transcript of the deposition into the record with the costs associated with obtaining the transcript to be borne by the Plaintiff.  The due date for Plaintiffs' Reply will remain as March 11, 2011.  It is further

 **ORDERED AND ADJUDGED** that Plaintiffs shall bear all attorney's fees and costs associated with bringing this Motion for Sanctions.

 **DONE AND ORDERED** in chambers in Miami, Florida on March 8, 2011.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
        United States District Judge
All counsel of record

10